NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XUEDONG ZHANG, | No. 14-71723 |
| Petitioner, | Agency No. A088-286-501 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016**

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Xuedong Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").   We have

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and review de novo due process contentions, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Zhang's testimony regarding the alleged beatings he suffered at the hands of officials in 2001 and 2006. *See id*. at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). We reject Zhang's due process contention, as the IJ did not admit the asylum officer's notes as evidence or otherwise rely on those notes in reaching the adverse credibility determination. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). In the absence of credible testimony, Zhang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence also supports the agency's denial of Zhang's CAT claim because it was based on the same testimony found not credible, and

14-71723

Zhang does not point to any other evidence establishing it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED**.